United States District Court
Southern District of Texas
**ENTERED**
September 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH ALEXANDER LAMB JR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-2492 |
| § | |
| MICHAEL BERRY § | |
| and § | |
| GORDON DUDLEY § | |
| and § | |
| RAND HENDERSON, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Keith Alexander Lamb, Jr. sued the defendants, Texas state and county government officials, a judge, and a police officer. The defendants have filed motions to dismiss and Lamb responded. After reviewing the pleadings, the motions, and the responses, the Court is of the opinion that the motions to dismiss should be granted and the amended complaint dismissed with prejudice. The reasons for this conclusion are given below.

**A. Background**

Lamb has a plumbing business. He performed plumbing work for two homeowners, Mr. and Mrs. Celinski. A dispute arose over the quality of Lamb's work and he threatened to destroy the shower in their home with a hammer if the Celinskis did not pay him the final $1,000 due under their contract. Amended Complaint at 1;

Affidavit for Arrest Warrant (appended to the Montgomery County Defendants' Motion to Dismiss, Doc. # 17).1  The Celinskis called 911, but Lamb hung up the call.

Defendant Michael Berry, a Montgomery County Sheriff's Deputy, responded to the call and took a statement from the Celinskis.  He presented his report to defendant Gordon Dudley, a Montgomery County Assistant District Attorney, who presented the report to defendant Paul Damico, a Magistrate.  Judge Damico found that probable cause existed to believe that Lamb committed a crime and Lamb was charged.  Lamb now sues Berry, Dudley, Damico, Montgomery County District Attorney Brett Ligon, Montgomery County Sheriff Rand Henderson, and Texas Attorney General Ken Paxton.  He contends that Berry arrested him without cause and failed to disclose exculpatory information – the fact of the contract dispute – in his report, that Dudley presented this incomplete report to Damico, and that Damico set an excessive bail, all in violation of various constitutional rights.  He further contends that Ligon, Henderson, and Paxton failed to properly train and/or supervise the other defendants, resulting in the alleged constitutional violations.

### B. The Legal Standards

#### 1. Rule 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under

---

1 The facts set out in the affidavit were found to be true by the probable cause determination entered by a magistrate.  Therefore, this Court may take judicial notice of this fact without converting the motion to a motion for summary judgment.  See, e.g., *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

### 2. Rule 12(b)(6)

In reviewing a motion to dismiss under rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all facts pleaded in the complaint are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### C. Analysis

Defendant Ken Paxton seeks dismissal under Rule 12(b)(1) and 12(b)(6). The other defendants seek dismissal under Rule 12(b)(6).

### 1. Ken Paxton

Defendant Ken Paxton is the Attorney General of Texas. Lamb contends that the defendants' actions violated various constitutional rights but does not allege that Paxton

had any personal involvement in any of the acts that he contends violated his rights. In his response to Paxton's motion to dismiss, Lamb argues that Paxton is liable because the allegedly unconstitutional criminal prosecution was brought against him by Montgomery County officials on behalf of the State of Texas, that Paxton is responsible for the actions of policymakers who "he oversees," that Paxton has a duty to stop corruption at the county level, and because Paxton is aware of flaws in the criminal justice system and has not fixed them.

Supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Rather, to prevail on his claims, Lamb must demonstrate that Paxton was personally involved in the alleged constitutional violation, or that he committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Because Lamb asserts no personal involvement by Paxton in any alleged wrongdoing, but rather asserts liability based only on Paxton's alleged supervisory role, he fails to state a claim for relief against Paxton in his personal capacity.

To the extent that Lamb sues Paxton in his official capacity, his claim is barred by the Eleventh Amendment. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, any

claim for damages against Paxton in his official capacity is barred. Lamb's claims against Paxton must be dismissed.

### 2. Deputy Berry

Lamb contends that Deputy Berry violated his civil rights by arresting him for what Lamb characterizes as "a civil matter," and for including in the complaint Lamb's prior acquittals, which Lamb characterizes as falsely implying that he has a history of violence. Berry argues that he is entitled to qualified immunity and that the claims are without merit.

#### a. Qualified Immunity

"The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

When Berry arrested Lamb, the available information showed that Lamb threatened the Celinskis with a hammer to force them to turn over their credit card. There is also no dispute that Lamb hung up the Celinskis' call to 911. Under these circumstances, it was reasonable for Berry to believe that Lamb committed a crime. "Probable cause exists when the totality of a police officer's knowledge at the moment of

the arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Cuadra v. Houston Ind. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010)(internal quotation marks and citation omitted). Because it was reasonable for Berry to believe that he had probable cause to arrest Lamb, Berry is qualifiedly immune from Lamb's lawsuit.

While Lamb complains about Berry's inclusion of Lamb's prior charges in his affidavit, he does not identify any untrue statement by Berry. The complaint notes that Lamb was "unsuccessfully prosecuted for Aggravated Assault" on two prior occasions. Affidavit for Arrest Warrant (Doc. # 17-1) at 2. Lamb acknowledges that this statement is true. Berry was reasonable in making the statement.

### b. Probable Cause

Under the probable cause standard noted above, Berry had probable cause to arrest Lamb. Moreover, the finding of probable cause by a magistrate breaks the chain of causation from Berry to Lamb unless the magistrate's finding was tainted by Berry's actions. *Id.* Lamb contends that Berry misrepresented his prior record but, as noted above, Berry's statement regarding the prior prosecutions was true.

Lamb also argues that there was no basis for his arrest because this was a civil contract dispute between him and the Celinskis. He points to no authority giving him the right to threaten violence in order to collect the disputed fee. Under both the objective facts and the magistrate's finding, Berry had probable cause to arrest Lamb, and Lamb's claim of false arrest is without merit.

### 3. The Prosecutors

Lamb alleges that defendant Dudley, a Montgomery County Assistant District Attorney, violated his rights by falsely claiming that Lamb had a history of violence and withholding "exculpatory evidence" of the contract dispute. As noted above, the complaint accurately described Lamb's prior judicial proceedings as "unsuccessful prosecutions." Assuming that Lamb had a legitimate contract dispute with the Celinskis, he is nonetheless mistaken that this dispute provides a justification for him to use the threat of violence to obtain payment.

In addition, it is well established that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Therefore, Lamb's claims against defendant Dudley and Dudley's boss, Montgomery County District Attorney Brett Ligon, must be dismissed.

### 4. The Judge

Lamb also sues a state judge claiming that he found probable cause that he committed aggravated assault based on a false statement about his history violence and that he lacked jurisdiction because, in Lamb's analysis, this was merely a civil contract dispute. As noted above, the statement about Lamb's history of violence accurately noted that the prosecutions were unsuccessful, and his contract dispute does not justify his threat of violence to obtain the Celinskis' credit card. His claims thus fail on the merits.

Merits aside, the judge is absolutely immune from suit.

> Over a century ago, the Supreme Court embedded judicial immunity into our jurisprudence. In *Bradley v. Fisher*, 1872, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646, the Court stated that it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself". Therefore, the Court held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly". 80 U.S. at 351.

*Sparks v. Duval Cty. Ranch Co.*, 588 F.2d 124, 125 (5th Cir 1979).

### 5. Other Claims Against the Sheriff and District Attorney

Lamb also makes conclusory allegations that the allegedly unconstitutional acts by defendants Berry and Dudley resulted from District Attorney Ligon's and Montgomery County Sheriff Rand Henderson's failure to adequately train their subordinates. He also claims that his prosecution was the result of a deliberately discriminatory policy against Harris County residents by Ligon.

As discussed above, Lamb fails to identify any unconstitutional act by either Berry or Dudley. He also fails to plead any facts in support of his failure to train or equal protection claims allegations against Ligon and Henderson.

> In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations...." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). "Conclusory allegations and unwarranted deductions of fact are not admitted as true" by a motion to dismiss. *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.1974).

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  Lamb's failure to train and equal protection claims are wholly conclusory and must be dismissed.

### 6. Miscellaneous Claims

Lamb also appears to assert claims for violations of his rights under the Contracts clause, the Seventh Amendment, and "*res judicata*."

#### a. Contracts Clause

The Contracts clause provides that "No State shall . . . pass any Law . . . impairing the Obligation of Contracts . . . ."  U.S. Const. art. I sec. 10.  Lamb points to no state law impairing his ability to enforce his contract and does not claim that he cannot file a civil suit to enforce the contract.  He was not arrested for pursuing legal remedies to enforce his contract, but for committing a crime.

#### b. Seventh Amendment

The Seventh Amendment preserves the right to a jury trial in a civil case.  Lamb does not allege that has pursued a civil case or that his right to a jury trial was impeded in such case,

#### c. *Res Judicata*

The doctrine of *res judicata* is a bar to relitigating claims under certain circumstances. *See*, *e.g.*, *Norris*, 500 F.3d at 461.  It is not a cause of action.

### 7. Excessive Bail

Lamb contends that his $100,000 bail was excessive.  The basis for this claim is unclear: Lamb posted the bond and is not in custody.  He has therefore suffered no injury as a result of the allegedly excessive bail.  Without an injury in fact, Lamb has no

standing to sue for this alleged violation.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### D. Conclusion and Order

The motions to dismiss (Docs. # 17 and 18) are GRANTED.  The amended complaint (Doc. # 10) is dismissed with prejudice.  All other pending motions are DENIED AS MOOT.

It is so ORDERED.

SIGNED on this 24th day of September, 2020.

_____
Kenneth M. Hoyt
United States District Judge